IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00190-GPG

RASHOD L. JAMES,

    Applicant,

v.

TERESA K. COZZA-RHODES

    Respondent.

## ORDER

Applicant, Rashod L. James, is a prisoner in the custody of the United States Bureau of Prisons (BOP), incarcerated at the United States Penitentiary, Florence High, in Florence, Colorado. On January 25, 2016, Mr. James initiated this action by filing *pro se* an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) and Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action (ECF No. 2). He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (*See* ECF No. 4).

On January 27, 2016, Magistrate Judge Gordon P. Gallagher entered an order (ECF No. 5) directing Respondent to file a preliminary response limited to addressing the affirmative defense of exhaustion of administrative remedies if Respondent intended to raise that defense in this action. On February 12, 2016, Respondent filed a Preliminary Response (ECF No. 10) contending that Mr. James failed to exhaust administrative remedies. On March 7, 2016, Mr. James submitted a Reply (ECF No.

13) arguing that exhaustion was unavailable. On March 25, 2016, Respondent filed a Motion to Strike Applicant's Pleadings (ECF No. 14) contending that another inmate, Jeremy Pinson, forged Mr. James' signature in all of his filed pleadings, including the § 2241 Application and Reply.

The Court must construe liberally Mr. James' filings because he is not represented by an attorney. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a pro se litigant. See Hall, 935 F.2d at 1110.

In the Application, Mr. James challenges multiple disciplinary hearings on due process grounds, and seeks expungement of all incident reports. (ECF No. 1 at 3, 6; ECF No. 1-1 at 2-8).

Respondent first argues that the Application should be dismissed because Mr. James failed to exhaust administrative remedies, because he has not filed any administrative remedy/appeal concerning the incident reports at issue. (See ECF No. 10).

In his Reply, Mr. James states that "due to misconduct by BOP officials his ability to exhaust his administrative remedies was rendered unavailable." (ECF No. 13 at 1). He specifically contends that his counselors would not provide him with a BP-10 form to appeal the results of Incident Report Nos. 2274053, 2317057, 2639324, 2639831, 2731726, 2778098, 2778776, 2767388, 2780070, and 2780476 unless he provided the DHO report for each of these incident reports. (Id. at 4). Mr. James further asserts that

2

his counselors would not provide him with a BP-8 form to challenge the failure of the disciplinary hearing officer to provide the DHO reports to him following his hearings. (*Id.*).

Before the Court considers the question of exhaustion and whether Mr. James was prevented from exhausting his claims, the Court questions the integrity of Mr. James' filings in this case. In an affidavit dated March 24, 2016 and witnessed by a special investigative agent authorized by 5 U.S.C. § 303 to administer oaths, Mr. James admits that he did not write any of his lawsuits that are now pending in this Court, and that Mr. Pinson wrote the pleadings in each action. (*See* ECF No. 14-1 at 19). *See also James v. Robb, et al.,* No. 15-cv-2700-CBS (D. Colo. Dec. 14, 2015); *James v. Strube, et al.,* No. 15-cv-2425-CBS (D. Colo. Nov. 2, 2015).[1]

Moreover, the Court notes the similarity between the allegations in Mr. James' pleadings in the instant action and Mr. Pinson's allegations in his recent habeas applications before this Court. *See Pinson v. Berkebile,* No. 14–cv–00475–BNB (D. Colo. Filed Feb. 24, 2014) (no mental evaluation conducted in disciplinary proceeding); *Pinson v. Berkebile,* No. 14–cv–00423–BNB (D. Colo. Filed Feb. 14, 2014) (no mental evaluation conducted in disciplinary proceeding and denied opportunity to present witnesses and documentary evidence); *Pinson v. Berkebile,* No. 14–cv-00410–BNB (D.

---

[1]"[T]he court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record." *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001).

Colo. Filed Feb. 13, 2014) (same); *Pinson v. Berkebile,* No. 13-cv-03252-BNB (D. Colo. Filed Nov. 29, 2013) (no mental health evaluation conducted in disciplinary proceeding); *Pinson v. Berkebile,* No. 12-cv-02673-BNB) (same)*; see also Pinson v. Berkebile,* 528 Fed. Appx. 822, 825-27 (10th Cir. 2013).

Finally, in *Perez v. Bureau of Prisons,* No. 15-cv-02854-PAB-NYW (D. Colo. Dec. 31, 2015), District Judge Philip A. Brimmer recently entered an order (ECF No. 30) that an inmate plaintiff's motions be stricken because Mr. Pinson drafted the motions and forged the inmate plaintiff's signature on the motions.

Given Mr. James' recent revelations that Mr. Pinson wrote the pleadings in Mr. James' two other pending lawsuits, the similarity of allegations in the instant § 2241 Application and Mr. Pinson's recent habeas applications, and Mr. Pinson's forgery of another inmate's signature in No. 15-cv-02854-PAB-NYW, the Court instructs Mr. James to respond and verify that he signed the Application and Reply, that the allegations in his pending pleadings are true and correct, and to indicate whether he wants to pursue his claims in this case. The Court advises Mr. James that he also may seek a voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(2). If Mr. James does not respond and state to the Court how he would like to proceed with this action, the Court will address the 28 U.S.C. § 2241 action on the merits.

Accordingly, it is

ORDERED that Applicant, Rashod L. James, submit **within twenty-one days** from the date of this Order, a response verifying that he signed the pleadings, including

the Application and Reply, verifying that the allegations in the Application and Reply are true and correct, and indicating whether Mr. James wants to continue to pursue the claims in the instant case or seek a voluntary dismissal under Fed. R. Civ. P. 41(a)(2).

DATED at Denver, Colorado, this 30 day of   March , 2016.

BY THE COURT:

    S/ Gordon P. Gallagher
United States Magistrate Judge