IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00190-GPG

RASHOD L. JAMES,

    Applicant,

v.

TERESA K. COZZA-RHODES,

    Respondent.

---

ORDER

---

Applicant is a prisoner in the custody of the Federal Bureau of Prisons, incarcerated at the U.S. Penitentiary in Florence, Colorado. On January 25, 2016, Applicant initiated this action by filing *pro se* an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) and Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action (ECF No. 2). He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (ECF No. 4).

On January 27, 2016, the Court ordered Respondent to file a preliminary response to the Application limited to addressing the affirmative defense of exhaustion of administrative remedies. (ECF No. 5). Respondent filed a Preliminary Response, and Applicant submitted a Reply. (ECF Nos. 10, 13). On March 25, 2016, Respondent filed a Motion to Strike Applicant's Pleadings contending that another inmate, Jeremy Pinson, forged Applicant's signature in all of his filed pleadings, including the § 2241

Application and Reply. (ECF No. 14). The Court ordered Applicant to respond to these allegations, verify that he signed the pleadings and the allegations set forth therein are true and correct, and indicate whether he wants to pursue the claims in this action. (ECF No. 15).

Respondent responded to this Order with an affidavit signed by Applicant, stating:

> I did not write any of the lawsuits, Jeremy Pinson wrote them for me. I do not have a copy of the lawsuits currently. I did not sign the following the forms [sic] prior to filing 1:15-CV-2425, 1:15-CV-02700, Case 1:16-CV-190 against the Bureau of Prisons. Inmate Jeremey [sic] Pinson wrote and signed these affidavits.

(ECF No. 16-1 at 1).

Applicant responded by letter dated April 8, 2016. (ECF No. 17). He alleges he was "forced to sign 2 affidavits by the Captain & SIS Lt they told me if I was not going to drop my lawsuit I would be here for 1-5 years . . ." [sic]. (*Id.*). He explains that "the inmate they R talkin about helped me with my suit I trust him & he wrote the suit at my request off the notes I sent him to write off of" [sic]. (*Id.*). Applicant states he does not want to dismiss the cases at issue. (*See id.*).

Although the Court must construe Applicant's "pleadings liberally because he is a *pro se* litigant, he nevertheless must follow the same rules of procedure that govern other litigants." *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). Fed. R. Civ. P. 11(a) requires that "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." Through his or her signature, an unrepresented party certifies that the filing is not made for "any improper purpose," the

arguments are "warranted by existing law" or are otherwise "nonfrivolous," and "the factual contentions have evidentiary support." Fed. R. Civ. P. 11(b). Pursuant to Rule 11(a), the Court must strike an unsigned paper, unless corrected.

Here, Applicant explains the filings were prepared at his request and states his desire to continue with the action. Thus, the Court will allow Applicant the opportunity to correct the filings at issue by personally signing and, through his signature, certifying them as required by Fed. R. Civ. P. 11. The Court will order the Clerk of Court to provide the subject filings to Applicant, and Applicant must personally sign them and return them to the Court for filing, if he desires to continue with this action.

Accordingly, it is

ORDERED that the Clerk of Court is directed to mail to Plaintiff the Application (ECF No. 1), Motion for Appointment of Counsel (ECF No. 9), and Reply (ECF No. 13).[1] It is

FURTHER ORDERED that, if Applicant desires to pursue the claims in this action, he must personally sign the Application (ECF No. 1), Motion for Appointment of Counsel (ECF No. 9), and Reply (ECF No. 13) pursuant to Fed. R. Civ. P. 11. It is

FURTHER ORDERED that, **within thirty days from the date of this Order**, Applicant must return the personally signed Application, Motion for Appointment of Counsel, and Reply to the Court for filing. It is

---

[1] The Court has ruled upon the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action, which was supported by a certified copy of Applicant's inmate trust fund account statement, thus the Court will not require additional verification of this Motion. (ECF Nos. 2, 4).

FURTHER ORDERED that if Applicant fails within the time allowed to personally sign and return the subject filings to the Court as directed above, the Court may strike the subject filings and require Applicant to file an Amended Application if he desires to pursue the claims in this action.

Dated April 28, 2016 at Denver, Colorado.

BY THE COURT:

Gordon P. Gallagher
United States Magistrate Judge